2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (Fax)

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
904/301-6300
904/301-6310 (Fax)



**U.S. Department of Justice**
*United States Attorney*
*Middle District of Florida*
———

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352/547-3600
352/547-3623 (Fax)

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

Main Office
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
813/274-6000
813/274-6358 (Fax)

Reply to:  **Orlando**

February 6, 2015

VIA ELECTRONIC MAIL
Amy S. Tingley
atingley@sctlaw.com

Matthew J. Pearce
mpearce@sctlaw.com

  Re: *U.S. ex rel. Montejo v. Florida Oncology Network*,
    Case No. 8:13-cv-206-T-23AEP (**Under Partial Seal**)

Dear Counsel:

  I write in relation to the privilege log you provided by electronic mail on January 27, 2015, which asserts that certain documents that otherwise come within the scope of an HHS/OIG subpoena served on Revenue Cycle are protected by the attorney-client privilege and work product doctrine.  As counsel for FON, you are not in a position to assert a privilege on behalf of Revenue Cycle.

  Though the privileges have not properly been asserted by Revenue Cycle, we write to you because the items in the privilege log are items that, based on their description, appear to come within the scope of items 1 and 8 of the HHS/OIG subpoena served on FON.  You have not produced the documents, nor does it appear that you have identified them in a privilege log.

  Please produce the documents or assert a privilege.  You have the burden to prove the existence of either the attorney-client privilege or work product protection.  *See, e.g., United States Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 630 F. Supp. 2d 1332, 1336 (M.D. Fla. 2007).  Because the analysis regarding each privilege is distinct,

Amy S. Tingley
Matthew J. Pearce
February 6, 2015
Page 2

please specifically assert either attorney-client privilege or work product protection or assert that you believe both privileges apply.  Meeting the burden of proof to establish work product protection requires, among other things, demonstrating that the documents were "prepared in anticipation of litigation."  *Id.* at 1336-37; Fed. R. Civ. P. 26(b)(3).  "The mere possibility that a certain event might lead to future litigation does not render privileged all documents prepared subsequent to that event."  *Id.* at 1337 (citation omitted).  "The determinative question is whether the prospect of litigation was the primary motivating purpose behind the creation of a particular document."  *Id.*

      Please produce documents that fall within the scope of items 1 and/or 8 of the subpoena served on FON and that relate to or were produced by Revenue Cycle, or provide information demonstrating that the documents you have withheld are protected by the attorney-client privilege or work product doctrine.  Please call me if you want to discuss.

                      Sincerely,

                      A. LEE BENTLEY, III
                      United States Attorney

            By:    *s/ Katherine M. Ho*
                    Assistant United States Attorney

cc:    A. Thomas Morris
       Julie Gray
       Gregg C. Waddill, III