

**STOVASH • CASE • TINGLEY**
*Attorneys*

ROBERT J. STOVASH
ROBERT L. CASE
AMY S. TINGLEY
J. SCOTT HUDSON
SCOTT A. LIVINGSTON
RACHEL E. SCHERWIN
MICAH M. RIPLEY
M. KATHRYN SMITH
DANA A. SNYDERMAN
PEYTON H. KEATON, IV
CORY B. SUTER
MATTHEW J. PEARCE*
*Also licensed in Georgia

OF COUNSEL

EDWARD R. ALEXANDER, JR.

February 13, 2015

**_Via Electronic Transmission_**
Katherine M. Ho, Esquire
Assistant United States Attorney
United States Attorney's Office, Middle District of Florida
400 West Washington Street, Suite 3100
Orlando, Florida 32801
Katherine.Ho@usdoj.gov

    Re:    U.S. ex rel. Montejo v. Florida Oncology Network, P.A
            U.S. Dist. Ct, Middle Dist. Case No. 8:13-cv-206-T-23AEP

Dear Kathy:

    We are writing in response to your letter dated February 6, 2015, regarding the privilege log provided to you by Florida Oncology Network, P.A. ("FON"), concerning the HHS/OIG subpoena to Revenue Cycle, Inc. Your letter states that FON cannot assert a privilege on behalf of Revenue Cycle and requests that FON provide a privilege log with sufficient detail to assess the applicability of any claimed privilege.

    At the onset, we are unclear as to why privilege issues are being raised at this juncture. For the majority of 2014, FON stood ready, willing, and able to answer your questions and supplement its production in an attempt to resolve the matter prior to the Court's intervention deadline. Not only was this issue not raised during those many months, the Court's intervention deadline passed almost 3 months ago. We have not been provided any information that explains why this request comes after Court's deadline for completion of the requisite investigation for an intervention decision. Notwithstanding the unexpected timing of your request, we will extend you the courtesy of a substantive response to your two points.

    First, there can be no doubt that FON did not assert any privilege on behalf of Revenue Cycle. Instead, FON asserted the protections of the attorney-client privilege and work product doctrine on its own behalf. As stated in FON's privilege log, FON asserts that documents created during or related to the engagement of Revenue Cycle by FON's counsel, Adorno & Yoss LLP, pursuant to the Letter of Engagement dated June 30, 2010, are protected from disclosure by the attorney-client privilege and/or

Ms. Kathy Ho
February 13, 2015
Page 2 of 2

_____

the attorney work product doctrine. Of course FON can assert the privilege with respect to documents within Revenue Cycle's possession, custody, or control. If you have any authority to the contrary, please provide it for our review, as we have been unable to locate any authority for your position.

  Second, FON's privilege log provides sufficient detail to permit an assessment of the applicability of the privileges related to the Revenue Cycle documents. To the extent FON asserted both the attorney-client privilege and the protections of the work product doctrine, it is because both apply. FON intends to stand on the privilege log that was previously provided to Revenue Cycle and thereafter provided to you. Moreover, FON is more than willing to have a conference with the Court on this issue. Thank you.

            Very truly yours,

            Amy S. Tingley

cc: Greg Waddill, Esquire
  Robert A. Leventhal, Esquire
  Robert Graziano, Esquire
  Brian Dickerson, Esquire