2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (Fax)

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352/547-3600
352/547-3623 (Fax)



**U.S. Department of Justice**
*United States Attorney*
*Middle District of Florida*
————
Main Office
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
813/274-6000
813/274-6358 (Fax)

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
904/301-6300
904/301-6310 (Fax)

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

Reply to:  Orlando

March 6, 2015

VIA ELECTRONIC MAIL
Amy S. Tingley
atingley@sctlaw.com

      Re:   *U.S. ex rel. Montejo v. Florida Oncology Network*,
            Case No. 8:13-cv-206-T-23AEP

Dear Ms. Tingley:

      I write in response to your March 5, 2015 letter addressed to Mr. Morris. Now that we have reviewed the FON privilege log, we plan to file a petition for enforcement of HHS/OIG's subpoena on the basis that FON has withheld documents that are not protected by the attorney-client privilege or work product doctrine based on the case law cited in my February 6, 2015 letter to you. FON suggests that the United States lacks authority or standing to move to compel in the pending *qui tam* action because the government has not intervened and is not a party.  The United States remains the real party in interest.  More importantly, the United States has the authority to issue subpoenas and seek enforcement even *in the absence of any pending case. United States v. Morton Salt Co.*, 338 U.S. 632 (1950); *United States v. Florida Azalea Specialists*, 19 F.3d 620 (11th Cir. 1994).

      The need for a 3.01(g) conference regarding FON's production of a privilege log is moot.  However, we would like to confer with you regarding the government's anticipated petition for enforcement of HHS/OIG's subpoena.  Mr. Morris and I remain available today for our previously scheduled 3:00 teleconference.  Please let me know if you remain available.  If not, please suggest an alternate time.  I ask that we hold a 3.01(g) conference before the close of business on March 11, 2015.

Amy S. Tingley
March 6, 2015
Page 2


    The remainder of your letter raises ancillary points that I will just briefly address. On informing you about the Court unsealing the above-referenced *qui tam* action, we are not aware of any obligation to do so but did explain to you that the case would be unsealed during our November 14, 2014 conference call and anticipated that you would follow the docket.  Regarding FON's cooperation, we are glad to have resolved the privilege log issue, but wish it had not required such an effort to obtain FON's compliance with this fairly straight-forward obligation.  As for the timeliness of our request for a privilege log, the United States did not learn of the existence of documents over which FON asserted a privilege, until January 27, 2015, after subpoenaing documents from Revenue Cycle and receiving a privilege log relating to our subpoena to Revenue Cycle.  This alerted the United States to the existence of documents within the scope of the subpoena served on FON that had not been produced.  Once alerted, I followed up on February 2 with a cordial email to Mr. Pearce, copying you, requesting a privilege log.

    If you have any questions, do not hesitate to contact me at the above number or Mr. Morris at 202/514-6314.

    Sincerely,

    A. LEE BENTLEY, III
    United States Attorney


By:    *s/ Katherine M. Ho*
    Assistant United States Attorney


cc:    A. Thomas Morris
    Brian Dickerson